# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| IRA M. COLLINS, JR., | ) |
| Movant, | ) |
| v. | ) No. 94-00183-05-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# ORDER

Currently pending before the Court is a Motion filed by petitioner for a Sentencing Reduction Pursuant to the Fair Sentencing Act of 2010 (Doc. # 468).

## I. BACKGROUND

Ira M. Collins, Jr. and four co-defendants were named in an eight count indictment returned by a federal grand jury in Kansas City, Missouri on November 2, 1994. As part of the indictment, Collins was charged in Count One with conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. On April 25, 1995, Collins was found guilty by a jury on Count One. Collins was sentenced on August 3, 1995 to 324 months and five years of supervised release. On September 4, 2008 Collins filed a motion to reduce his sentence pursuant to Amendment 706. On April 15, 2009, the Court reduced Collins sentence from 324 months to 282 months based on the amendment to the Federal Sentencing Guidelines regarding cocaine base (crack cocaine) offenses. On September 2, 2010, Collins filed the instant motion to further reduce his sentence pursuant to the Fair Sentencing Act.

## II. DISCUSSION

Petitioner argues that his sentence should be reduced due to the passage of the Fair Sentencing Act of 2010 ("FSA"), which lowered the penalties for crack cocaine offenses. The Government states that although the Fair Sentencing Act of 2010 lowered the penalties, the statute is not retroactive. Collins argues in reply that because the Act is silent as to whether it applies retroactively or not, then it is automatically retroactive. Collins cites to Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

On August 3, 2010, the Fair Sentencing Act was signed into law. This Act reduced the sentencing disparity between crack cocaine and powder cocaine offenses, lowering the sentencing ratio from 100:1 to 18:1. Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). See U.S. v. Orr, No. 09-3644, 2011 WL 722405 *11 (8th Cir. Mar. 3, 2011). In Orr, the Court stated:

> The federal savings statute, 1 U.S.C. § 109, governs whether penal legislation that either decriminalizes previously criminal conduct or lessens the punishment therefor applies retroactively. The federal savings statute provides in pertinent part, that [t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability. 1 U.S.C. § 109.
> . . . .
> Thus, as we have previously recognized, Congress expressed no desire in the FSA that the law be applied retroactively, and consequently the federal Savings Statute clearly forecloses Orr's argument for retroactive application. See United States v. Brewer, 624 F.3d 900, 909 n. 7 (8th Cir. 2010).

Id. at *11-12.

In United States v. Brown, No. 08-CR-89, 2011 WL 334315 (E.D.Wis. Jan. 31,

2011), the Court stated:

> Generally, the district court lacks authority to reduce a sentence once it has been imposed. 18 U.S.C. § 3582(c); United States v. Smith, 438 F.3d 796, 799 (7th Cir.2006). Section 3582(c)(2) creates a limited exception to this rule, allowing the district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." However, the district court possesses this authority only if two conditions are met: first, an amendment to the sentencing guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed. . . .However, the FSA does not apply retroactively to persons, like defendant, who were sentenced before its enactment. . . . Nor has the Commission made retroactive the guideline amendments it adopted following passage of the FSA. Therefore, I lack authority to reduce defendant's sentence on this basis.

Id. at *1. See also United States v. Williams, No. 4:07CR00248JLH, 2011 WL 17628 (E.D.Ark. Jan. 3, 2011)("The United States Sentencing Commission amended the guidelines based on the Fair Sentencing Act in Amendment 748 effective November 1, 2010. Amendment 748 has not been made retroactive. Because Amendment 748 is not retroactive, the Court has no authority to reduce Williams's sentence.").

Therefore, because neither the FSA nor the amendments to the Sentencing Guidelines are retroactive, this Court is without authority to reduce petitioner's sentence.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** movant's Motion for a Sentence Reduction Pursuant to the Fair Sentencing Act of 2010 (Doc. # 467).

Date:   03/17/11             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
                             Chief United States District Judge